UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM PODLECKI ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 CV 9716 |
| ) | |
| THE ANTI-CRUELTY SOCIETY ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

William Podlecki, by his attorneys, alleges as follows.

### Nature of Action

1. This action is brought to remedy discrimination on the basis of disability and/or perceived disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111, *et seq. as amended*.

### Jurisdiction

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 because the case involves violations of federal law.

3. Venue in this Court is appropriate pursuant to 42 U.S.C. §12117(a); 42 U.S.C.

4. § 2000E-5(f)(3); and 28 U.S.C. §1391 because the employment practices involved in this dispute occurred in Chicago, Illinois. Thus, venue is proper in the Northern District of Illinois, Eastern Division.

### Statutes and Regulations

5. 42 U.S.C. § 12112(a) states in relevant part: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to … discharge of employees…."

6. 42 U.S.C. § 12112(b)(5)(A) further explains that the term "discriminate against a qualified individual on the basis of disability" includes, *inter alia*, "not making reasonable accommodations to the known physical … limitations of an otherwise qualified individual with a disability who is an … employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

7. "Disability" is defined to include, *inter alia*, "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(C).

## Administrative proceedings

8. Plaintiff William Podlecki ("Plaintiff") has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under the ADA. Thus, all the conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or have otherwise occurred.

9. Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on or around September 5, 2014. (Exhibit A.)

## Parties

10. Plaintiff is an adult citizen residing in Cook County, Illinois.

11. The Anti-Cruelty Society ("Defendant"), is a not-for-profit organization which does business in Cook County, Illinois, and which has a facility in Chicago, Illinois.

12. Plaintiff was employed at Defendant's Chicago facility.

13. At all relevant times Plaintiff was a "qualified employee" as defined by 42 U.S.C. § 12111(8) of the ADA.

14. Plaintiff had been performing all of the essential functions of his job for 15 years.

15. If Defendant had reasonably accommodated him for the limited amount of time needed, Plaintiff would have been able to continue working for Defendant.

16. Defendant was a "covered" employer as defined in 42 U.S.C. §12111(5)(A) of the ADA at all relevant times.

17. Defendant employs more than 100 employees.

**Statement of Claims**

18. From September 1997 to October 8, 2012, Plaintiff was employed full time as a clerk by Defendant.

19. Plaintiff earned $11.75 per hour at the time he was discharged by Defendant.

20. Plaintiff's essential job duties were talking to people about adopting pets and filling out paperwork.

21. Plaintiff occasionally would be asked to clean cat litter boxes, take dogs to potential owners, and do laundry.

22. On June 28, 2012, while at home, Plaintiff broke his kneecap.

23. Plaintiff underwent surgery and physical therapy.

24. While Plaintiff was injured, he applied for, and Defendant gave him, leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

25. Plaintiff also applied for and received short-term disability benefits from Defendant's insurance carrier.

26. Plaintiff wore a cast that extended from his groin to his ankle.

27. On October 8, 2012, Plaintiff faxed Defendant a doctor's note stating that he was well enough to return to work, but that he would be unable to kneel, squat, or bend for a limited period of time.

28. Plaintiff was prepared to work on October 8, 2012.

29. Plaintiff contacted Defendant's Human Resources representative more than once to schedule his return.

30. Despite Plaintiff's requests for a specific return date, Defendant would not give him one.

31. On October 10, 2012, Plaintiff returned to work on his own initiative.

32. Plaintiff attempted to "clock in" but his Employee Identification no longer worked.

33. Plaintiff then went to Human Resources and was told by Mischa Burrell that he could not return to work because of the physical restrictions resulting from his injury. Plaintiff was then discharged.

## **Causes of Action**

### *Count I*

34. Plaintiff realleges and incorporates paragraphs 1-33 of this complaint by reference.

35. Plaintiff had a disability as defined by the ADA at the time that he was terminated from employment.

36. At the time Defendant discharged him, Plaintiff was able to perform the essential functions of his job either with or without a reasonable accommodation.

37. At no time did Defendant engage in an interactive process with Plaintiff to determine whether he needed an accommodation, and if he did, whether Defendant could reasonably accommodate him.

38. Defendant intentionally, with malice and reckless indifference to Plaintiff's rights, violated the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by terminating Plaintiff's employment because of his disability, and failed to accommodate Plaintiff reasonably if he needed such accommodation.

37. The Defendant's discriminatory conduct has caused, and continues to cause, the Plaintiff to suffer substantial financial loss, as well as physical, mental, and emotional distress.

### *Count II*

38. Plaintiff realleges and incorporates paragraphs 1-33 of this complaint by reference.

39. Defendant perceived Plaintiff to be unable to perform the essential functions of his job at the time Defendant terminated him.

40. At no time did Defendant engage in the interactive process with Plaintiff to determine whether he needed an accommodation, and if he did, whether Defendant could reasonably accommodate him.

41. Defendant intentionally, with malice and reckless indifference to Plaintiff's rights, violated the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by terminating him because Defendant perceived that Plaintiff was unable to perform the essential functions of his job, and failed to consider reasonable accommodations for him.

42. The Defendant's discriminatory conduct has caused, and continues to cause, the Plaintiff to suffer substantial physical, mental, and emotional distress and inconvenience.

### **Claim for Relief**

Wherefore, Plaintiff seeks the following relief:

    a. A declaration that his rights under the ADA were violated;

b. Any actual monetary losses sustained by Plaintiff as a direct result of the violations;

c. Restoration and make-whole relief for the loss of any employment benefits or other compensation denied or lost by Plaintiff;

d. The interest on the amount described in the items listed above, calculated at the prevailing rate;

e. Reinstatement with seniority and any promotional opportunities that he would have had but for the discriminatory conduct;

f. An Order prohibiting Defendant from further discriminating and retaliating against him;

g. Compensatory damages against Defendant because of the past and future physical, mental, and emotional pain, distress, and inconvenience caused by its discriminatory actions;

h. Punitive damages because Defendant acted with malice and reckless indifference of rights;

i. Attorneys' fees, litigation expenses, and costs incurred in obtaining relief and pursuing this action;

j. Post-judgment interest;

k. Equitable relief; and

l. Any other relief that the court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated December 4, 2014

/s/Karen J. Doran
Karen J. Doran
LAF
120 S. LaSalle St. Ste. 900
Chicago IL, 60603
312-229-6311 (p)
312-612-1511 (f)
kdoran@lafchicago.org
ARDC #6282773

Timothy Huizenga
LAF
120 S. LaSalle St. Ste. 900
Chicago IL, 60603
312-347-8377 (p)
312-612-1477 (f)
thuizenga@lafchicago.org
ARDC # 3125127